PORTLAND FEMINIST WOMEN'S HEALTH CENTER, an Oregon nonprofit corporation; Leila Whittemore; Geri Craig; Amy Aycrigg; and Jane Does Nos. 1 through 3; Plaintiffs,

v.

ADVOCATES FOR LIFE, INC., an Oregon nonprofit corporation; Priscilla Martin; Don Ayers; Fred Ritcherson; George Knezevich; Alice Buhler; Andrew Burnett; Kathy McNassar aka Kathy Stewart; Kathleen Walsh; Alta Austin; Shirley Barnard; Brian Clowes; Dan Muir; Christians in Action, an unincorporated association; and John Does Nos. 1 through 100; Defendants.

Civ. No. 86–559–FR.

United States District Court, D. Oregon.

March 4, 1988.

Stephen S. Walters, Barbara L. Nay, Stoel, Rives, Boley, Jones & Grey, Portland, Or., for plaintiffs.

Henry Kane, Beaverton, Or., for designated defendants.

William D. Bailey, Portland, Or., for defendant George Knezevich.

Terrance L. McCauley, Estacada, Or., for defendant Alice Buhler.

Joseph Wetzel, Wetzel & DeFrang, Portland, Or., for defendants Kathleen Walsh and Kathy Stewart.

OPINION

FRYE, District Judge:

The matters before the court are the issues to which the court ordered the par-

ties to respond in its order of November 13, 1987.

## BACKGROUND

Plaintiffs, Portland Feminist Women's Health Center (the Health Center) and certain directors, employees and clients of the Health Center—Leila Whittemore, Geri Craig, Amy Aycrigg, and Jane Does Nos. 1 through 3—filed this action against defendants—Advocates for Life, Inc., Christians in Action, and twelve individuals, all of whom are opposed to abortion. Plaintiffs allege that defendants agreed and conspired among themselves to undertake actions designed to disrupt, harass, and otherwise harm the Health Center's business and property, to inflict extreme emotional distress on the individual plaintiffs and others, and to prevent the individual plaintiffs from exercising their constitutional right to choose safe and legal abortions.

Plaintiffs filed this action in the Circuit Court of the State of Oregon for the County of Multnomah alleging seven claims for relief—two federal claims and five state law claims—as follows: 1) violation of 42 U.S.C. § 1985(3); 2) violation of 42 U.S.C. § 1986; 3) violation of the Oregon Racketeer Influenced and Corrupt Organizations Act, O.R.S. 166.720, et seq.; 4) intentional interference with business relations; 5) intentional infliction of emotional distress; 6) assault; and 7) defamation. On May 7, 1986, defendants removed the action to this court under the provisions of Title 28, United States Code, section 1331. Removal to this court has not been challenged by plaintiffs.

On June 9, 1986, this court entered a preliminary injunction prohibiting defendants from taking certain action during weekly demonstrations in front of the Health Center. On July 24, 1986 and July 20, 1987, the court found some defendants in contempt of the preliminary injunction.

On October 23, 1987 and November 6, 1987, defendants filed motions for summary judgment. In reviewing the motions for summary judgment and preparing for the trial which was set for December 15, 1987, the court became concerned about the elements of plaintiffs' sole federal question claim under 42 U.S.C. § 1985(3).[1] The court then entered the following order on November 13, 1987:

> Prior to the resolution of the defendants' motions for summary judgment, the parties need to address these issues:
>
> 1. Is a class composed of women seeking to terminate their pregnancies by abortion protected under 42 U.S.C. § 1985? (Please address *Roe v. Abortion Abolition Soc.*, 811 F.2d 931 (5th Cir.1987), as well as any other authority deemed relevant.)
>
> 2. If so, is state action a necessary element of plaintiffs' claim under 42 U.S.C. § 1985? (Please address *United Brotherhood of Carpenters & Joiners v. Scott*, 463 U.S. 825 [103 S.Ct. 3352, 77 L.Ed.2d 1049] (1983) and *Griffin v. Breckenridge*, 403 U.S. 88 [91 S.Ct. 1790, 29 L.Ed.2d 338] (1971), as well as any other authority deemed relevant.)
>
> 3. If the court finds that plaintiffs have failed to state a claim under 42 U.S.C. § 1985, should the court remand this case to the state court where it was originally filed for trial?
>
> Because there are serious legal issues to resolve and the appeal of the preliminary injunction is pending before the Ninth Circuit Court of Appeals, the trial date of December 15, 1987 is an inappropriate date.

---

1. If the court finds that state action is an essential element of plaintiffs' claim under 42 U.S.C. § 1985(3), that claim must be dismissed eliminating the only claim which presents a federal question. The defendants have raised the affirmative defense of failure to state a claim for which relief can be granted in its answer and have not waived this defense. This is an important issue and must be resolved prior to trial.

While the court initiated the timing of its resolution, this defense was raised by the defendants in their answer, has been fully briefed by the parties, and orally argued to the court. The failure of the defendants to make a timely motion cannot substitute for a missing element in the single federal claim upon which the court relies for the exercise of its limited jurisdiction.

Pursuant to the court's order of November 13, 1987, counsel filed briefs and oral argument was held.

## ANALYSIS AND RULING

■ Plaintiffs allege in their first cause of action that they are entitled to damages against defendants under 42 U.S.C. § 1985(3). In *Griffin v. Breckenridge,* 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971), the Supreme Court set out the elements of a cause of action under 42 U.S.C. § 1985(3):

> [A] complaint must allege that the defendants did (1) "conspire or go ... on the premises of another" (2) "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." It must then assert that one or more of the conspirators (3) did, or caused to be done, "any act in furtherance of the object of [the] conspiracy," whereby another was (4a) "injured in his person or property" or (4b) "deprived of having and exercising any right or privilege of a citizen of the United States."

*Id.* at 102–03, 91 S.Ct. at 1798–99.

Two requirements must be met in order to establish the second element of a section 1985 claim: 1) the violation of a protected right, and 2) an invidiously discriminatory class-based animus motivating the violation. *Life Ins. Co. of N. Am. v. Reichardt,* 591 F.2d 499, 502–03 (9th Cir.1979). Section 1985(3) itself provides no substantive rights. *Great Am. Fed. Sav. & Loan Ass'n v. Novotny,* 442 U.S. 366, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979). The rights, privileges and immunities that section 1985(3) vindicates must be found elsewhere.

■ In this action, plaintiffs assert that the defendants have conspired to deprive women of their federal constitutional right to choose abortion. In order to determine whether plaintiffs can succeed under section 1985(3), the court must determine whether section 1985(3) constitutionally protects the right to choose an abortion from interference by purely private conspiracies as opposed to interference by governmental entities, hereinafter referred to as state action.[2]

In *Griffin,* the United States Supreme Court ruled that section 1985 may be applied to private conspiracies. 403 U.S. at 101, 91 S.Ct. at 1797–98. However, the determination as to whether state action is required to establish a violation of an asserted constitutional right must be made in each instance based upon an examination of the right asserted. In *United Brotherhood of Carpenters & Joiners v. Scott,* 463 U.S. 825, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983), the Court held that a conspiracy to violate First Amendment rights is actionable under section 1985(3) only when state action is shown. The Court examined its prior holding in *Griffin* and explained that the conspiracy in *Griffin* was actionable because it was aimed at depriving the plaintiffs of rights protected by the Thirteenth Amendment, which guarantees the right to travel, and that the right to travel is protected from interference by private conspiracies. The Court in *Scott* distinguished *Griffin* from the alleged conspiracy to violate plaintiffs' First Amendment rights:

> The rights, privileges, and immunities that § 1985(3) vindicates must be found elsewhere, and here the right claimed to have been infringed has its source in the First Amendment. Because that Amendment restrains only official conduct, to make out their § 1985(3) case, it was necessary for respondents to prove that the State was somehow involved in or affected by the conspiracy.

463 U.S. at 833, 103 S.Ct. at 3358–59. Accordingly, this court must examine the source of plaintiffs' asserted rights in order to determine whether it is necessary for the plaintiffs to prove that the state

---

**2.** Certain defendants concede that state action is not a necessary element of plaintiffs' claim under section 1985. However, other defendants do not concede this point, and defendants Knezevich and Walsh assert that state action is an essential element of plaintiffs' claims against them under section 1985(3).

was involved in or affected by the conspiracy.

The federal constitutional right to choose abortion is derived directly from the right to personal privacy and is rooted in the First, Fourth, Fifth, Ninth and Fourteenth Amendments. *Roe v. Wade,* 410 U.S. 113, 152, 93 S.Ct. 705, 726, 35 L.Ed.2d 147 (1973). This right to personal privacy is founded upon the Fourteenth Amendment's concept of personal liberty and its restriction upon state action. *Id.* at 153, 93 S.Ct. at 726–27. The recognition of a constitutional right to privacy guarantees to women the right to make certain fundamental intimate choices without governmental interference. *See Thorne v. City of El Segundo,* 802 F.2d 1131, 1138 (9th Cir.1986). It does not, however, protect that right from private interference. *Chico Feminist Women's Health Center v. Butte Glenn Medical Soc'y,* 557 F.Supp. 1190, 1197 (E.D.Cal.1983).

There is no allegation of state action in plaintiffs' complaint; no facts from which state action can be argued; no assertion by plaintiffs that state action is in any way involved. The court concludes that plaintiffs' first claim for relief under section 1985(3) must fail[3] along with its second claim for relief under section 1986.[4] Only plaintiffs' claims under Oregon state law remain to be decided.

When federal claims are dismissed before trial, the question whether pendent state claims should be entertained is within the sound discretion of the district court. *Schultz v. Sundberg,* 759 F.2d 714, 718 (9th Cir.1985). Generally, dismissal of federal claims before trial dictates that pendent state claims be dismissed. *Id.* However, a district court may in its discretion retain jurisdiction to decide the state claims where the litigants have spent considerable time on the pendent claims before the federal claim(s) is dismissed. *See, e.g., Aydin Corp. v. Loral Corp.,* 718 F.2d 897, 904 (9th Cir.1983). Under *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to determine whether to exercise jurisdiction over a case brought in the federal court involving pendent state law claims. *Carnegie–Mellon University v. Cohill,* —— U.S. ——, 108 S.Ct. 614, 618, 98 L.Ed.2d 720 (1988).

An examination of the history of this litigation presents a compelling scenerio in support of the exercise of federal jurisdiction over the state law claims. The parties have invested a substantial amount of time and resources in the litigation of these claims. The case has been pending in this court for one year and nine months. The court has decided many motions and has held three evidentiary hearings on a variety of issues. The court has entered a preliminary injunction order now on appeal to the Ninth Circuit Court of Appeals. The court has entered a number of contempt orders for violations of the injunction. Having heard the evidence in the case, this court is in the best position to apply the impending ruling of the federal appeals court to the orders already entered as well as to the final resolution of the case.

There are summary judgment motions pending before this court that depend upon an evaluation of evidence adduced at the prior evidentiary hearings. Should this court remand this case to the state court, it would be difficult, if not impossible, for the state court to resolve these motions without lengthy hearings. The court also recognizes the difficulties that remand of this

---

**3.** Plaintiffs further argue that the right to choose an abortion is protected from private interference by Article I, §§ 1, 2, 3, 9 and 33 of the Oregon Constitution and O.R.S. 435.235. The Oregon statute cited by plaintiffs prohibits state and not private interference in abortion decisions. As to the claim under the Oregon Constitution, this court finds no support for plaintiffs' position in Oregon law.

**4.** The second claim for relief is based upon 42 U.S.C. § 1986. A finding that defendants have not violated plaintiffs' federal rights under section 1985(3) disposes of the claim under section 1986.

case would present as to the proper avenues of appeal.

In light of the substantial time and resources that have been invested by the parties in litigating and preparing this case for trial over the past two years, the court finds that it would be unfair to the plaintiffs and to the defendants to remand this case to the state court. The case is procedurally ready for trial whenever the Ninth Circuit Court of Appeals issues its decision as to the preliminary injunction. The delay, procedural complications, and the waste of judicial resources that will occur if the court were to remand, compels this court to exercise jurisdiction in order to resolve the state law claims.

### CONCLUSION

The court finds that plaintiffs' first and second claims for relief under federal law must be dismissed for failure to plead the requirement of state action. Plaintiffs are allowed ten days in which to file an amended complaint. The court in its discretion finds that it is appropriate to exercise jurisdiction to resolve plaintiffs' claims for relief under state law. Defendants' summary judgment motions are set for oral argument on April 18, 1988 at 3:00 p.m.